**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., <br><br> Plaintiff, <br><br> v. <br><br> PEGASUS MARITIME, INC. and MOD TEXTILE & PERFUMES, INC., <br><br> Defendants. | Case No. 1:22-cv-10527 |

## PEGASUS'S ANSWER WITH CROSSCLAIMS

Defendant, Pegasus Maritime, Inc. ("Pegasus"), by and through its attorneys Casey & Barnett LLC, hereby answers the complaint of Plaintiff, MSC Mediterranean Shipping Company S.A. ("Plaintiff"), with crossclaims against Codefendant, MOD Textile & Perfumes, Inc. ("MOD"), upon information and belief, as follows:

## JURISDICTION AND VENUE

1. Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

## PARTIES

3. Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Pegasus denies the suite # is 501, but otherwise, admits the remainder of the allegations in Paragraph 4 of the Complaint.

5. Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus admits that in or about December 2020, it agreed to arrange transportation of a shipment that was reported to contain spray perfume ("Cargo"), which was to be transported in container MEDU2109328 ("Container"), from the Port of Hazira, India to the Port of Everglades, Florida, but otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of allegations in Paragraph 6 of the Complaint.

7. Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus admits that it subsequently arranged to have the Cargo and Container transported by MSC from the Port Hazira, India to the Port Everglades, Florida, and that MSC's Bill of Lading MEDUMA472767, dated April 14, 2020 ("MSC Bill of Lading"), was issued for this shipment, but otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of allegations in Paragraph 7 of the Complaint.

8. Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, the MSC Bill of Lading is a written document that speaks for itself, and therefore, Pegasus denies any characterization of it by Plaintiff. To the extent the allegations in Paragraph 9 of the Complaint are inconsistent with this

document, Pegasus denies those allegations. Pegasus, otherwise, admits that it is identified under the term "consignee" on the MSC Bill of Lading, but denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 9 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint

10. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus admits that it arranged to have the Cargo and Container transported by MSC from the Port of Hazira, India to the Port of Everglades, Florida but denies that it is responsible for payment of charges relating to the transport of the Container; and otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 10 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint

11. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, the MSC Bill of Lading and/or applicable marine tariff(s) are written documents that speak for themselves, and therefore, Pegasus denies any characterization of them by Plaintiff. To the extent the allegations in Paragraph 11 of the Complaint are inconsistent with these documents, Pegasus denies those allegations. Pegasus, otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint

12. The MSC Bill of Lading's Standard Terms and Conditions is a written document that speaks for itself, and therefore, Pegasus denies any characterization of it by Plaintiff. To the extent the allegations in Paragraph 12 of the Complaint are inconsistent with this document, Pegasus denies those allegations.

13. Pegasus admits that pursuant to the MSC Bill of Lading, MSC was to transport the Container and Cargo from the Port Hazira, India to the Port Everglades, Florida, but otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 13 of the Complaint.

14. Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Insofar as the allegations refer to or concern Pegasus, Pegasus denies the allegations in Paragraph 15 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Insofar as the allegations refer to or concern Pegasus, Pegasus denies the allegations in Paragraph 17 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, the letter is a written document that

speaks for itself, and therefore, Pegasus denies any characterization of it by Plaintiff. To the extent the allegations in Paragraph 18 of the Complaint are inconsistent with this document, Pegasus denies those allegations. Pegasus, otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, the letter is a written document that speaks for itself, and therefore, Pegasus denies any characterization of it by Plaintiff. To the extent the allegations in Paragraph 19 of the Complaint are inconsistent with this document, Pegasus denies those allegations. Pegasus, otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Pegasus denies the allegations in Paragraph 20 of the Complaint.

21. Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Insofar as the allegations refer to or concern Pegasus, Pegasus denies the allegations contained in Paragraph 23 of the Complaint. Pegasus, otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 23 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus

denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Insofar as the allegations refer to or concern Pegasus, Pegasus denies the allegations contained in Paragraph 24 of the Complaint. Pegasus, otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 24 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, the MSC Bill of Lading and/or applicable marine tariffs are written documents that speak for themselves, and therefore, Pegasus denies any characterization of them by Plaintiff. To the extent the allegations in Paragraph 25 of the Complaint are inconsistent with these documents, Pegasus denies those allegations. Pegasus also denies that it is obligated to pay any outstanding detention fees that may be due and owing to MSC, but otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 25 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Insofar as the allegations refer to or concern Pegasus, Pegasus denies the allegations in Paragraph 26 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

## **FIRST CAUSE OF ACTION**

(For Breach of Maritime Contract)

27. Pegasus repeats and re-alleges each and every response to the allegations in Paragraphs 1 through 26 of the Complaint as if set forth at length herein.

28. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus admits that it arranged to have MSC transport the Cargo and Container from the Port Hazira, India to the Port Everglades, Florida, but otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 28 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29. Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus denies the allegations in Paragraph 30 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus denies the allegations in Paragraph 31 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Insofar as the allegations refer to or concern Pegasus, Pegasus denies the allegations in Paragraph 32 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

## SECOND CAUSE OF ACTION

(Money Due Under Marine Tariff)

33. Pegasus repeats and re-alleges each and every response to the allegations in Paragraphs 1 through 32 of the Complaint as if set forth at length herein.

34. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus admits that it arranged to have MSC transport the Cargo and Container from the Port Hazira, India to the Port Everglades, Florida, but otherwise, denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 34 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35. Insofar as the allegations refer to or concern Pegasus, Pegasus defers all questions of law to the Court. To the extent that a response is required, Pegasus denies the allegations in Paragraph 35 of the Complaint. Insofar as the allegations refer to or concern MOD, Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Insofar as the allegations refer to or concern Pegasus, Pegasus denies the allegations in Paragraph 36 of the Complaint. Insofar as the allegations refer to or concern MOD,

Pegasus denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

Subject to foregoing denials of liability for the loss and damages alleged by Plaintiff and without assuming any burdens of proof, persuasion, or production not otherwise legally assigned to Pegasus as to any element of Plaintiff's claims, Pegasus asserts the following affirmative and other defenses:

37. **First Affirmative Defense.** Plaintiff has failed to state claims upon which relief can be granted against Pegasus.

38. **Second Affirmative Defense.** In the event that Plaintiff had no, or has no, title to or interest in the damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, then Plaintiff is not the real party in interest herein and is not entitled to maintain this suit.

39. **Third Affirmative Defense.** Plaintiff's claims are barred, in whole or in part, by the applicable limitation periods set forth by statute, tariff, and/or agreement.

40. **Fourth Affirmative Defense.** Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

41. **Fifth Affirmative Defense.** No act or omission by Pegasus caused any of the damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, which were otherwise not foreseeable.

42. **Sixth Affirmative Defense.** The damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, if any, were

caused by the shipper, the consignee, and/or third parties over whom Pegasus had no control and for whose acts or omissions Pegasus is not responsible or liable.

43. **Seventh Affirmative Defense.**  Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

44. **Eighth Affirmative Defense.**  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and release.

45. **Ninth Affirmative Defense.**  Pegasus exercised reasonable care at all times relevant hereto in connection with the events alleged in the Complaint. Pegasus is not responsible for any damage, charge, fee, cost, and/or expense alleged to have been suffered by Plaintiff in connection with the subject shipment, which, if any, were caused by events that could not be avoided and the consequences of which could not be prevented by the exercise of reasonable diligence.

46. **Tenth Affirmative Defense.**  Plaintiff's claims are barred, in whole or in part, by the terms and conditions of service agreed upon by the parties and/or contained in the shipping documents issued in connection with the subject shipment, including but not limited to, any and all contracts, bills of lading, waybills, letters of instruction, warehouse receipts, manifests, delivery orders, tariffs, and invoices.

47. **Eleventh Affirmative Defense.**  Pegasus is entitled to all other rights, defenses, limitations of liability, and immunities contained in the terms and conditions of service agreed upon by the parties and/or the shipping documents issued in connection with subject shipment, including but not limited to, any and all contracts, bills of lading, waybills, letters of instruction, warehouse receipts, manifests, delivery orders, tariffs, and invoices.

48. **Twelfth Affirmative Defense.**  To the extent Plaintiff seeks the recovery of special or consequential damages, they are not recoverable under the terms and conditions of service agreed upon by the parties, the shipping documents issued in connection with the subject shipment, and/or under the controlling applicable law.

49. **Thirteenth Affirmative Defense.**  The damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, if any, resulted from a cause arising without the fault and privity of Pegasus and without the fault or neglect of its agents or servants.

50. **Fourteenth Affirmative Defense.**  The damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, if any, were caused by conditions and/or circumstances beyond the control of Pegasus and for which Pegasus is not responsible or liable.

51. **Fifteenth Affirmative Defense.**  Plaintiff has failed to join indispensible parties under Rule 19 of the Federal Rules of Civil Procedure.

52. **Sixteenth Affirmative Defense.**  Plaintiff failed to mitigate its damages, if any.

53. **Seventeenth Affirmative Defense.**  The damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, if any, resulted from a cause arising without the fault and privity of Pegasus and without the fault or privity of any other person or entity imputable to Pegasus.

54. **Eighteenth Affirmative Defense.**  The damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, if any, were proximately caused, or were contributed to, by the negligence, culpable conduct, breach of contract, breach of warranties, or breach of duties and obligations of other persons or

entities, and should judgment be awarded to Plaintiff, it must be apportioned among all such other persons or entities.

55. **Nineteenth Affirmative Defense.** Attorneys' fees are not recoverable under the terms and conditions of service agreed upon by the parties, the shipping documents issued in connection with the subject shipment, and/or under the controlling applicable law.

56. **Twentieth Affirmative Defense.** Pegasus reserves the right to supplement the foregoing and raise additional defenses as may appear during the progress of this case to the fullest extent allowed under the controlling applicable law.

## CROSSCLAIMS AGAINST MOD

57. Pegasus repeats and re-alleges each and every response to the allegations contained in the Complaint as if set forth at length herein.

58. Pegasus was engaged to arrange transportation of the Cargo in the Container from the Port of Hazira, India to the Port of Everglades, Florida.

59. Pegasus issued a bill of lading for transport of the Cargo in the Container from the Port of Hazira, India to the Port of Everglades, Florida ("Pegasus Bill of Lading").

60. The Pegasus Bill of Lading identifies MOD as the "consignee" and "notify party."

61. MOD was the owner of the Cargo.

62. Pursuant to the terms and conditions on the reverse side of the Pegasus Bill of Lading, a "merchant" includes "the Shipper, the Receiver, the consignor, the Consignee, the Holder of this Bill of Lading and any person having a present or future interest in the Goods or any person acting on behalf of any of the above-mentioned persons."

63. The terms and condition on the reverse side of the Pegasus Bill of Lading also provides:

> (15) DELIVERY: . . .If goods should remain in Carrier's custody after discharge from the ship and possession is not taken by Merchant, after notice, within the time allowed in Carrier's applicable tariff, the goods may be considered to have been delivered to Merchant or abandoned at Carrier's option, and may be disposed or stored at Merchant's expense . . .
>
> 17.3 Merchant shall be liable for all dues, fees, duties, fines, taxes and charges, including consular fees, levied on the goods. . .Merchant shall be liable for all demurrage, detention or other charges imposed on the goods or their containers by third parties.
>
> 17.4 The Shipper, consignee, holder hereof, and owners of the goods, and their principals, shall be jointly and severally liable to Carrier for the payment of all freight and charges, including advances and shall, in any referral for collection or action for monies due to Carrier, upon recovery by Carrier, pay the expenses of collection and litigation, including reasonable attorneys' fees. . .
>
> 17.5 The Shipper, consignee, holder hereof, and owner of the goods, and their principals, shall jointly and severally indemnify Carrier for all claims, fines, penalties, damages costs and other amounts which may be incurred or imposed upon Carrier by reason of any breach of any of the provisions of this Bill of Lading or of any statutory or regulatory requirements.

64. Pegasus engaged MSC to transport the Cargo in the Container from the Port of Hazira, India to the Port of Everglades, Florida.

65. MSC issued the MSC Bill of Lading for transport of the Cargo in the Container from the Port of Hazira, India to the Port of Everglades, Florida.

66. Plaintiff alleges that Pegasus and MOD are liable for outstanding detention costs pursuant to the terms of the MSC Bill of lading and/or applicable tariff for its carriage of the Cargo and Container from the Port of Hazira, India to the Port of Everglades, Florida.

67. Plaintiff further alleges that Pegasus and MOD are liable for attorneys' fees, costs, and expenses incurred to collect the sums due from them.

68. While Pegasus denies any liability to Plaintiff for the damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject

shipment, such damages, charges, fees, costs, and/or expenses were caused solely by the negligence, culpable conduct, breach of contract (express or implied), breach of warranty (express or implied), and/or breach of the duties and obligations of MOD, its servants, agents, and/or subcontractors, without any negligence, breach, fault, or wrongdoing on the part of Pegasus.

69. By reason of the premises, Pegasus is entitled to full indemnity and/or contribution from MOD, whether based in contract (express or implied), tort, statute, admiralty, common law, or otherwise, for any and all sums which Pegasus may be required to pay in connection with the damages, charges, fees, costs, and/or expenses alleged to have been suffered by Plaintiff in connection with the subject shipment, including costs, expenses, interest, and reasonable attorney's fees.

WHEREFORE, Pegasus prays:

(i) that process in due form of law according to the practice of this Honorable Court be issued against Codefendant, MOD, citing it to appear and answer the foregoing;

(ii) that judgment be entered dismissing the Complaint against Pegasus, or in the alternative, judgment be entered against MOD on Pegasus's crossclaims for indemnity and/or contribution, together with all costs, expenses, interest, and reasonable attorney's fees; and

(iii) for such further and other relief as the Court may deem just and proper under the circumstances.

Dated: New York, NY
April 12, 2023

                                         CASEY & BARNETT LLC
                                         *Attorneys for Defendant, Pegasus Maritime, Inc.*

By: _____
                                         Teresa H. Dooley
                                         305 Broadway, Suite 1202
                                         New York, NY 10007

CERTIFICATION OF MAILING

I, Teresa H. Dooley, Esq., am not a party to the action and am an attorney for Defendant, Pegasus Maritime, Inc. On April 12, 2023, I served the within **PEGASUS'S ANSWER WITH CROSSCLAIMS** by ECF to each of the following witnesses at the last known address set forth after each name.

TO:   Mark A. Beckman, Esq.
      GORDON & REES, LLP
      1 Battery Park Plaza, 28th Floor
      New York, NY 10004
      mbeckman@grsm.com
      *Attorneys for Plaintiff MSC Mediterranean Shipping Company S.A.*

                                                  _____
                                                  Teresa H. Dooley, Esq.